

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE WILSON MARKETING, INC. et al, | § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. 4:09-cv-01521 |
| | § | |
| COSTAR REALTY INFORMATION, INC., | § § | |
| | § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

**I.   INTRODUCTION**

Before the Court is the plaintiffs', Mike Wilson Marketing, Inc. ("MWM") and Equitax Property Consultants, Ltd. ("Equitax") (collectively referred to as the "plaintiffs"), motion to remand (Docket Entry No. 3). The defendant, Costar Realty Information, Inc. ("Costar"), has filed a response in opposition to the motion (Docket Entry No. 6). After having carefully considered the motion, response and the applicable law, the Court is of the opinion that the plaintiffs' motion to remand should be GRANTED. The above-styled and numbered civil action is, therefore, REMANDED, pursuant to 28 U.S.C. § 1447(c), to the County Civil Court at Law No. 2 of Harris County, Texas, where it was originally filed and assigned Cause No. 935,950.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On or about March 9, 2009, MWM, a Texas corporation, and Equitax, a Texas limited partnership, filed an action in the County Civil Court at Law No. 2 of Harris County, Texas, against Costar, a Delaware corporation with its principal place of business located in Maryland, alleging claims for breach of contract and attorneys' fees.  On April 21, 2009, the plaintiffs filed their First Amended Original Petition asserting a claim for fraudulent misrepresentation in addition to their claims for breach of contract and attorneys' fees.  On May 19, 2009, the plaintiffs filed their Second Amended Original Petition, alleging, for the first time, a cause of action under the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.50 *et seq.*, in addition to their previously asserted causes of action.

On May 20, 2009, Costar filed its Notice of Removal removing the state court action to this Court on the basis of diversity jurisdiction, asserting that this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, excluding interests and costs.  On May 26, 2009, the plaintiffs moved to remand the action to the state court, alleging that Costar's removal was:  (1) untimely because it was not completed within thirty (30) days of the plaintiffs' initial pleading; and (2) improper in that the amount in controversy fails to meet the threshold requirement of $75,000.

## III.    STANDARD OF REVIEW

The applicable statute provides two grounds for remand:  (1) a defect in removal procedure; and (2) the lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L. Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment,

with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether Costar's removal on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151. Further, the party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Id.* Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § § 1331, 1332. Here, Costar asserts only diversity of citizenship as its basis for removal. Because the plaintiffs concede that the parties are of diverse citizenship, this Court need only consider whether the amount in controversy meets the threshold requirement of $75,000, exclusive of interests and costs.

Ordinarily, to determine the amount in controversy, the state court petition is examined. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In this regard, the

3

sum claimed by the plaintiff controls if made in good faith. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282, 288 – 89 (1938)). In a case where the plaintiffs have pled damages less than the jurisdictional amount, this figure will generally bar removal. *Allen*, 63 F.3d at 1335 (reasoning that "in the typical diversity case, the plaintiff remains the master of his complaint"). Nevertheless, where the plaintiffs have pled an exact amount, their amount will remain presumptively correct unless the defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). In such an instance, removal is appropriate unless the plaintiffs show that at the time of removal they were legally certain not to be able to recover that amount. *Id.*

## IV.   ANALYSIS AND DISCUSSION

### A.   The Timeliness of Costar's Removal

As an initial matter, the plaintiffs argue that because Costar's removal was not filed within thirty (30) days of its initial pleading or by April 22, 2009, it is untimely and not in compliance with 28 U.S.C. § 1446(b). To the contrary, Costar contends that because the case stated by the plaintiffs' initial pleading was not removable and the plaintiffs' Second Amended Original Petition filed on May 19, 2009, was the first pleading from which removal jurisdiction could plausibly be ascertained, its removal was timely. This Court agrees.

The relevant provision, specifically 28 U.S.C. § 1446(b) provides, in part, as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction

4

>conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Because the plaintiffs' Second Amended Original Petition was the first pleading in which removal jurisdiction could conceivably be ascertained and it was not filed until May 19, 2009, Costar had until June 18, 2009, to timely file its notice of removal. Given that Costar filed its notice of removal on May 20, 2009, one (1) day after the plaintiffs' Second Amended Original Petition was filed and served on Costar, it is deemed timely.

### B. The Sufficiency of the Amount in Controversy

The plaintiffs' Second Amended Original Petition seeks to recover damages in the amount of $15,506.07, along with enhanced damages under the DTPA, reasonable attorney's fees and costs. The plaintiffs contend that the alleged amounts are less than the jurisdictional threshold required to satisfy federal jurisdiction premised on diversity jurisdiction. In response, Costar argues that the plaintiffs' claims, if fully litigated, "would undoubtedly drive up the total amount in controversy," amounting to at least $46,518.21, which includes three times the actual damages alleged by the plaintiffs, exclusive of their claims for attorney's fees and "other and further legal relief", including "potential" punitive damages. This Court disagrees.

As primary support for its position, Costar relies on the plaintiffs' claims for attorney's fees and "other and further relief, general and special, at law or in equity" to bridge the gap in the amount in controversy alleged. Although it is true that attorney's fees may appropriately be taken into account for diversity jurisdiction purposes where there is a statutory basis to recover such fees, Costar has made no attempt in this case to quantify the amount of attorney's fees

which might reasonably be recovered by the plaintiffs in this case.[1] Likewise, it has offered no proof regarding the amount of "other and further relief, general and special" including punitive or exemplary damages that might "potentially" be recovered by the plaintiffs here. Nor have the plaintiffs specifically pled such damages, which is a prerequisite for such recovery under Texas law. *See* TEX. R. CIV. P. 56. Accordingly, Costar's allegations, without more, are insufficient to satisfy its burden. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (noting that the removing party may not rely on speculative and conclusory allegations to satisfy its burden, but has "an affirmative burden to produce information, through factual allegations or an affidavit, sufficient to show 'by a preponderance of the evidence that the amount in controversy exceed[s] $75,000.' ").

In light of the strict construction standard applicable to removal and taking into consideration the amount of actual damages alleged in this case, along with the possible statutory damages and attorney's fees recoverable, this Court is of the opinion that it would be unlikely for the plaintiffs to reasonably incur attorney's fees greater than $28,481.79 in pursuit of their claims. Thus, on its face, the plaintiffs' Second Amended Original Petition does not support diversity jurisdiction and Costar has not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold requirement of $75,000, exclusive of interests and costs. Consequently, this Court lacks subject matter jurisdiction and this case must be remanded to state court.

---

[1] If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990)). The state statute under which the plaintiffs seek recovery provides for an award of court costs and reasonable and necessary attorneys' fees. *See* TEX. BUS. & COM. CODE § 17.50(d).

## V.   CONCLUSION

In light of the foregoing, it is the judgment of this Court that the plaintiff's motion to remand should be and is GRANTED. This civil action is hereby remanded, pursuant to 28 U.S.C. § 1447(c), to the County Civil Court at Law No. 2 of Harris County, Texas, where it was originally filed and assigned Cause No. 935,950. The Clerk of Court shall mail a certified copy of this Memorandum Opinion and Order of Remand to the County Clerk of County Civil Court at Law No. 2 of Harris County, Texas.

It is so **ORDERED**.

Signed this 24th day of June, 2009.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE